T.C. Summary Opinion 2010-175


UNITED STATES TAX COURT


AFI ABDI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18526-09S.          Filed December 22, 2010.


Afi Abdi, pro se.

Derek W. Kaczmarek, for respondent.


GERBER, Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect when the petition was filed.  Pursuant to section 7463(b),

the decision to be entered is not reviewable by any other court,

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

and this opinion shall not be treated as precedent for any other case.

Respondent determined a $4,132 deficiency in petitioner's 2008 Federal income tax and a $826.40 penalty under section 6662(a) and (b)(1). At trial respondent conceded the penalty, leaving the following issues for the Court's consideration: (1) Whether petitioner is entitled to head of household filing status; and (2) whether petitioner is entitled to the earned income tax credit.

## Background

Petitioner resided in Arizona when his petition was filed. Petitioner, his wife, and their five children resided in the same dwelling for the entire 2008 taxable year. Petitioner and his wife were married before 2008 and were married throughout the 2008 tax year.

On his 2008 Federal income tax return, petitioner reported his filing status as "head of household" and claimed two dependent children. He also sought an earned income tax credit of $4,132. Respondent determined that petitioner's filing status was "married filing separately" and that he was not entitled to an earned income tax credit.

## Discussion

Generally the Commissioner's notice of deficiency determinations are presumed correct, and taxpayers bear the

burden of proving otherwise.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  There is no question in this case concerning the burden of proof.

In the circumstances of this case, the fact that petitioner was married and resided with his wife throughout the entire 2008 taxable year causes him to be disqualified from claiming head of household filing status under section 2(b).  Although there are some exceptions to that general rule, petitioner has not shown that any exception applies.

Petitioner also claimed an earned income tax credit.  Under section 32, that credit is available to individuals who meet certain requirements.  Under section 32(d), a married individual is eligible for the credit only if he files a joint return for the taxable year.  Petitioner did not file a joint return for the 2008 taxable year, and, accordingly, he is not entitled to an earned income tax credit.

To reflect the foregoing,

<u>Decision will be entered</u> <u>for respondent as to the</u> <u>income tax deficiency and for</u> <u>petitioner as to the accuracy-</u> <u>related penalty</u>.